UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANTONIO SPICER,<br>               Plaintiff | ) ) ) ) | |
| v. | ) ) ) | Civil Action No. 05-30114-KPN |
| HAMPDEN COUNTY JAIL, SHERIFF MICHAEL J. ASHE and DENTAL DEPARTMENT,<br>               Defendants | ) ) ) ) | |

MEMORANDUM AND ORDER WITH REGARD TO DEFENDANTS'
MOTION TO DISMISS (Document No. 14)
August 15, 2006

NEIMAN, C.M.J.

Presently before the court is Defendants' motion pursuant to Fed. R. Civ. P. 41(b) to dismiss this *pro se* action brought by Antonio Spicer ("Plaintiff"), a former inmate at the Hampden County House of Correction. The parties have consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c). For the reasons which follow, the court will allow the motion.

Plaintiff filed this action on May 20, 2005. On September 23, 2005, the court held a scheduling conference, but Plaintiff did not appear, notwithstanding the fact he had been released from custody and was living independently in Enfield, Connecticut. Plaintiff later called the Clerk's Office and explained that he was having car trouble, whereupon he was informed that the scheduling conference had been continued to October 6, 2005. On October 3, 2005, however, the court was informed that Plaintiff

was participating in a residential treatment program in Bridgeport, Connecticut. Thereafter, over eight months passed with no further action on Plaintiff's part. Accordingly, on June 16, 2006, the court ordered "[c]ounsel" to "file a written report with the Clerk's Office by the close of business on July 14, 2006, indicating the status of the instant matter." (Document No. 12.) "Failure to comply with this order," the court continued, "may result in dismissal of the matter for failure to prosecute." (*Id.*)

Plaintiff did not respond to the June 16th order. Counsel for Defendants, however, filed a status report on June 21st, indicating that he "has had no further contact from the defendant [sic]." (Document No. 13.) Thereafter, on July 27th, Defendants filed the instant Rule 41(b) motion to dismiss because of Plaintiff's failure to comply with the court's order or otherwise prosecute the case. No opposition to Defendants' motion has been filed.

In retrospect, the court might have been clearer in its June 16th order that *Plaintiff*, not *counsel*, was obligated to file a status report or face dismissal for failure to prosecute. Be that as it may, Plaintiff, who was proceeding *pro se*, was sent the order and did not respond. More to the point, Plaintiff was served with *Defendants'* June 21st status report (along with every other communication from the court), but has done nothing to advance his case. Nor has Plaintiff responded to Defendants' Rule 41(b) motion to dismiss or, it appears, communicate with Defendants, let alone the court, at all for over eight months. *See Tschantz v. McCann*, 160 F.R.D. 568, 572 (N.D. Ind. 1995) (burden is on the plaintiff to prosecute his case). *Accord Miles v. Wal-Mart Stores*, 2006 WL 1149169, at *2 (W.D. Tex. Apr. 26, 2006) (citing Rule 41(b)).

The First Circuit has repeatedly recognized "that district courts possess the power to order [a Rule 41(b)] dismissal with prejudice in appropriate cases." *Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (citing *Velazquez-Rivera v. Sea-Land Service, Inc.*, 920 F.2d 1072, 1076 (1st Cir. 1990)). To be sure, "the sanction of dismissal with prejudice for want of prosecution is a unique and awesome one, foreclosing forever the plaintiff's opportunity to obtain judicial redress." *Id.* (citations omitted).[1] Accordingly, the First Circuit has held that a *pro se* litigant's tardiness in responding to a motion to dismiss should not automatically result in dismissal for failure to prosecute. *See Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003).

Here, however, the court's dismissal is not based solely on Plaintiff's failure to oppose Defendants' motion to dismiss. As described, Defendant's motion itself arises out of an ongoing failure on Plaintiff's part to appear in court, to respond to the court's order, or to otherwise take any steps to pursue the matter despite various indulgences afforded him by the court. Given these facts, dismissal is the only appropriate remedy and Defendants' motion is ALLOWED.

IT IS SO ORDERED.

DATED: August 15, 2006

    /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
Chief Magistrate Judge

---

[1] In this regard, "Rule 41(b) makes clear that dismissals for want of prosecution are with prejudice, unless the district court otherwise specifies." *Id.* at 48 n.3.